## Fred J. Koch, Appellee, v. Sue B. Louden and Mildred Louden, Executrices, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clinton county; the Hon. James C. McBride, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

### Statement of the Case.

Claim by Fred J. Koch against Sue B. Louden and Mildred Louden, executrices of the estate of Walter S. Louden, deceased, defendants, for the amount of an alleged loan to defendants' testator. From a judgment in favor of the claimant for the full amount of the claim, defendants appeal.

This suit arose on the following claim filed in the County Court of Clinton county, Illinois, December 29, 1914:

"Estate of Walter S. Louden, deceased to Fred J. Koch, debtor.

"To loan of $1500 for which 15 shares of preferred stock and 15 shares of common stock of M. & O. Milk Company were given as security ............................................................................$1500.00

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"To interest on above from July 1, 1913 to
date at six per cent _____ 81.25.
   "Total _____$1581.25"

After the claim was filed in the County Court it was,
by stipulation, transferred to the Circuit Court where
it was tried before the court without a jury, resulting
in a finding and judgment in favor of the claimant for
the full amount of the claim.

The proofs showed that in 1910, Walter S. Louden
was president and manager of a corporation known as
the M. & O. Milk Company, the principal place of busi-
ness of which was at Waterloo, Illinois, and was also
engaged in selling the stock of the company. In De-
cember of that year, he sold claimant fifteen shares of
common stock and fifteen shares of preferred stock
of the company. The stock was issued as of the date
of July 1, 1910, but the letter transmitting the same to
claimant was dated December 29, 1910, and contained
among other things the following:

"As I told you in the office yesterday, if you should
find this investment not to be profitable within two
years, I will purchase the stock back from you at what
you paid for it, plus six per cent. interest, less any
dividends paid." In payment for these shares of
stock claimant sent Louden a note for $1,500 due in
ninety days payable to the Union Trust and Savings
Bank of East St. Louis. Louden delivered the note to
the bank, and it was placed to the credit of the M. & O.
Milk Company.

The letter also stated: "You will find this to be a
splendid investment and I am very much pleased to
have you come into the company."

Two witnesses who claimed to have bought stock on
similar terms were sworn in behalf of claimant. One
of them, A. B. Michaels, testified that he had a conver-
sation with Mr. Louden at the Illmo Hotel in East St.
Louis, at which time Mr. Louden referred "to my

stock and also Mr. Koch's. He said that he would take care of us in a very short time; that he would pay that stock Mr. Koch holds and myself." He also testified that on another occasion prior to that time he had spoken to Mr. Louden about his stock and he said: "Don't be uneasy I will take care of both of you as soon as I can;" that he referred to the stock held by witness and Mr. Koch. James Gray, another witness, testified for claimant that Mr. Louden told him in speaking of Mr. Michaels and Mr. Koch that, "He would take care of them as he took care of me and he was going to take care of me and he was not going to lose by it." He said that he had about the same conversation with Mr. Louden at different times and that the last conversation was a month or six weeks prior to his death, but just what that date was did not appear. It appeared that claimant was elected a director of the company in January, 1914, and served on the reorganization committee of the company; that the company was reorganized on figures prepared by the committee; that claimant took an active part in the reorganization of the company, and signed a paper for a stockholders' meeting and an agreement for reorganization, and that it was reorganized in accordance with such written agreement. On January 31, 1914, claimant wrote to Mr. Louden in reference to a meeting, and added: "Should opportunity present itself to dispose of my stock, I wish you would accommodate me."

NOLEMAN & SMITH, for appellants.

MURRAY & LAGER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 371*—*when presumed that sale of corporate stock intended.* Where an owner of stock in a corporation sends a certificate of stock to another person with expressions of satisfaction that such other person is to become a stockholder of the corporation; and such other person replies inclosing a promissory note for the amount requested in the letter transmitting the certificate, such other person is to be presumed to have acquiesced in such owner's interpretation of the transaction.

2. CONTRACTS, § 31*—*when promise made to third person to extend time for repurchase of stock not binding.* Where a person purchases stock under an agreement that the seller will repurchase on request made within two years, which option the purchaser did not take advantage of within the period named, a promise made to a third person to extend the time for repurchase is not binding on the seller in the absence of evidence that such third person had authority to receive such promise on behalf of the purchaser.

3. SALES, § 329*—*when evidence insufficient to sustain finding that time 'for repurchase of stock had been extended.* On trial of a claim against the estate of a deceased person for the amount paid for stock purchased on an agreement that the deceased would repurchase on request made within two years, which option was never taken advantage of by the claimant, but where the theory of the claim was that the time for the repurchase of the stock had been extended, evidence *held* insufficient to sustain a finding that the time for repurchase of the stock had been extended.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.